IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 21, 2016

**GREGORY L. HATTON v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Giles County**
**No. 16104     Stella L. Hargrove, Judge**
_____

**No. M2016-00225-CCA-R3-ECN – Filed August 1, 2016**
_____

Nearly four decades after pleading guilty to rape, armed robbery, burglary, kidnapping, grand larceny, and assault with intent to commit murder, Petitioner, Gregory L. Hatton, filed a petition for writ of error coram nobis. The trial court summarily dismissed the petition as time-barred. However, the Tennessee Supreme Court has recently determined that a writ of error coram nobis is not an available procedural mechanism to collaterally attack a guilty plea. Therefore, we affirm the judgment of the trial court on the separate grounds discussed herein.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Gregory L. Hatton, Mountain City, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; and Brent A. Cooper, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In July 1977, Petitioner pled guilty to rape, armed robbery, burglary, kidnapping, grand larceny, and assault with intent to commit murder. The trial court sentenced Petitioner to a total effective sentence of life plus thirty years. Petitioner has since made several unsuccessful attempts to collaterally attack his convictions. *See Gregory L. Hatton v. State*, No. M2015-01830-CCA-R3-PC (petition for post-conviction DNA analysis currently pending before a separate panel of this Court); *Gregory Hatton v.*

*State*, No. M2000-00756-CCA-R3-PC, 2001 WL 567845 (Tenn. Crim. App. May 25, 2001) (second petition for post-conviction relief), *perm. app. denied* (Tenn. Oct. 29, 2001) (designating the case "Not for Citation"); *Gregory L. Hatton v. State*, No. 02C01-9611-CC-00407, 1997 WL 68357 (Tenn. Crim. App. Feb. 20, 1997) (petition for writ of habeas corpus); *State v. Gregory Hatton*, No. 81-275-III (Tenn. Crim. App., at Nashville, Aug. 13, 1982) (motion for new trial treated as a first petition for post-conviction relief).

On August 17, 2015, Petitioner filed a pro se petition for writ of error coram nobis, asserting the existence of newly discovered evidence as well as alleging that his guilty pleas were not knowing and voluntary and that he had received ineffective assistance of counsel. On January 8, 2016, the trial court entered an order summarily dismissing the petition as barred by the statute of limitations. *See* T.C.A. § 27-7-103; *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999). Further, the trial court found that some of Petitioner's claims, such as his claim of ineffective assistance of counsel, were not cognizable grounds for coram nobis relief. *See Mindy Dodd v. State*, No. M2013-02385-CCA-R3-ECN, 2014 WL 1605168, at *3 (Tenn. Crim. App. Apr. 22, 2014), *perm. app. denied* (Tenn. Aug. 29, 2014). Petitioner filed a timely notice of appeal.

A writ of error coram nobis lies "for subsequently or newly discovered evidence relating to matters which were litigated *at the trial* if the judge determines that such evidence may have resulted in a different judgment, had it been presented *at the trial*." T.C.A. § 40-26-105(b) (emphasis added); *see State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995). The Tennessee Supreme Court has recently issued an opinion overturning its ruling in *Wlodarz v. State*, 361 S.W.3d 490 (Tenn. 2012), that a guilty plea may be considered a trial for the purposes of the coram nobis statute. *See Clark Derrick Frazier v. State*, __ S.W.3d __, No. M2014-02374-SC-R11-ECN, 2016 WL 3668035, at *2 (Tenn. July 6, 2016). Instead, the court held that the coram nobis statute's use of the term "trial" did not encompass guilty pleas and, therefore, is "not available as a procedural mechanism for collaterally attacking a guilty plea." *Id*. at *3, *6. Therefore, Petitioner is not entitled to relief in this case even if his petition had been timely filed.

Based on the foregoing, we affirm the trial court's judgment denying the petition on the separate ground stated herein.

_____
TIMOTHY L. EASTER, JUDGE